THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:14-cv-105

| | |
|---|---|
| DISABILITY RIGHTS NORTH CAROLINA, ) ) ) Plaintiff, ) ) v. ) ) UNIVERSITY HEALTH SYSTEMS OF EASTERN CAROLINA, INC., d/b/a VIDANT HEALTH, ) ) ) ) Defendant. ) ) ) ) ) | COMPLAINT |

_____

## INTRODUCTION

1. Plaintiff, Disability Rights North Carolina ("DRNC"), brings this action for declaratory and injunctive relief pursuant to the Protection and Advocacy for Individuals with Mental Illness Act ("the PAIMI Act"), 42 U.S.C. § 10801 *et seq.* By this action, DRNC challenges the refusal of the defendant, University Health Systems of Eastern Carolina, Inc., doing business as Vidant Health ("Vidant"), to provide DRNC with records to which DRNC is legally entitled.

2. DRNC is the duly-designated state Protection and Advocacy System ("P&A") for individuals with disabilities. 42 U.S.C. § 10801(b). DRNC is entrusted, empowered and obligated to protect the civil rights of individuals with disabilities in the state of North Carolina. *Id.*; 29 U.S.C. 794e(a)(1); 42 U.S.C. § 15041.

3. As the state P&A, DRNC has the responsibility and authority to access records in the course of investigating allegations of abuse or neglect of individuals with mental illness. 42 U.S.C. §§ 10805, 10806.

4. DRNC has requested certain records from Defendant that it is entitled to access under federal law. 42 U.S.C. § 10805(a)(4); 42 C.F.R. § 51.41(b)(1).

5. The Defendant's refusal to produce the requested records prevents DRNC from fulfilling its statutory mandates of investigating allegations of abuse and neglect as well as providing protection and advocacy services for individuals with disabilities. By this action, DRNC seeks an order from this Court requiring Defendant to provide the requested information so that DRNC may discharge its statutory duties and investigate the alleged abuse and neglect of an individual with a disability.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Plaintiff's federal claim is made pursuant to the PAIMI Act, 42 U.S.C. § 10801 *et seq.* Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 & 2202.

7. Venue is appropriate in this district pursuant to 28 U.S.C. § 1391(c). As Defendant's principal place of business is located in this district, the Defendant is subject to personal jurisdiction in this district and is therefore deemed to reside in this district.

## PARTIES

8. Plaintiff DRNC, the P&A designated by the Governor of the State of North Carolina to provide protection and advocacy services to individuals with disabilities, is a

"person" authorized to seek legal and equitable relief against organizations that deprive it of rights granted to it under federal law. DRNC, a non-profit corporation independent of state government, is incorporated in North Carolina and maintains its principal place of business in Raleigh, North Carolina.

9. DRNC receives federal funds pursuant to the PAIMI Act and is thereby obligated to provide protection and advocacy services for individuals with mental illness. Under the PAIMI Act, DRNC is also authorized to investigate suspected incidents of abuse and neglect and to pursue administrative, legal and other remedies on behalf of individuals with mental illness. In order to carry out its investigative functions, DRNC is granted the authority to have access to individuals with disabilities in the locations where they receive services, and to have access to their medical and other records under certain conditions. 42 U.S.C. § 10806(b)(2); 42 C.F.R. § 51.41.

10. Defendant Vidant is a regional health system serving the eastern part of North Carolina. It provides a range of services including hospitals, home health services and physician practices. Both its registered office and its flagship hospital, Vidant Medical Center, are located in Greenville, North Carolina.

## FACTUAL ALLEGATIONS

11. In early May, 2014, an individual with mental illness hereinafter referred to by her initials, "B.S.," voluntarily admitted herself for in-patient psychiatric treatment at Vidant Medical Center.

12. On May 14, 2014, DRNC received a complaint regarding the care and treatment of B.S. at Vidant Medical Center. Specifically, DRNC received a report that B.S. was subjected to inappropriate and illegal physical restraint on multiple occasions.

13. Based on the complaint DRNC received, DRNC initiated an investigation into B.S.'s care and treatment pursuant to its federal authority under the PAIMI Act.

14. On May 19, 2014, DRNC notified Vidant, in writing, that it would be investigating the allegations concerning the abuse and/or neglect of B.S. As part of that investigation, DRNC requested, in writing, a variety of documents, including all treatment records regarding the use of restraint on B.S.; all records regarding security or police officer interventions with B.S. on May 14, 2014; and any video footage covering the patient telephone area in the Behavioral Health Unit of Vidant Medical Center from 11:30 AM-12:30 PM on May 14, 2014. DRNC attached an authorization to release confidential information, signed and executed by B.S. on May 15, 2014. DRNC's letter provided detail concerning the statutory basis for the request. The letter also requested access to the requested records within three business days.

15. On May 27, 2014, Vidant contacted DRNC by telephone and left a voicemail message in which Vidant agreed to provide B.S.'s treatment records pursuant to the signed authorization to release such information. Vidant indicated that it would not release the police/security officer records or video footage without a court order or subpoena.

16. On June 2, 2014, DRNC sent a second letter outlining its statutory authority to access the records in question. DRNC attached a copy of Disability Rights N.C. v. Moses H. Cone Memorial Hospital Operating Corporation, 2013 U.S. Dist. LEXIS 129367 (M.D.N.C. Sept. 11, 2013), a United States District Court case in which DRNC's right to access individual records was upheld and applied. This letter also requested access to the records within three business days.

17. On June 3, 2014, Vidant again contacted DRNC by telephone and left a voicemail message in which Vidant reiterated its position that it would not release the requested records without a court order or subpoena.

## CAUSE OF ACTION

18. Plaintiff adopts and restates the allegations set forth in paragraphs 1-17 of this complaint.

19. The PAIMI Act and its implementing regulations give DRNC, as North Carolina's designated P&A, the authority to investigate incidents of abuse and neglect of individuals with mental illness if the incidents are reported to the system or there is probable cause to believe the incidents occurred. 42 U.S.C. § 10805(a)(1)(A); 42 C.F.R. § 51.42(b).

20. The PAIMI Act and its implementing regulations give DRNC the authority to access all individual records of "any individual [with a mental illness] who is a client of the system if such individual, or the legal guardian, conservator, or other legal

representative of such individual, has authorized the system to have such access." 42 U.S.C. § 10805(a)(4)(A); 42 C.F.R. § 51.41(b)(1).

21. The implementing regulations to the PAIMI Act define records as "information and individual records, whether written or in another medium, draft or final, including handwritten notes, electronic files, photographs or <u>video or audio tape records</u>." 42 C.F.R. § 51.41(c) (emphasis added).

22. The regulations provide that records "which shall be available to the P&A system under the [PAIMI] Act shall include, but not be limited to information and individual records, obtained in the course of providing intake, assessment, evaluation, supportive and other services, including medical records, financial records, and <u>reports prepared or received by a member of the staff of a facility or program rendering care or treatment</u>." <u>Id.</u> at § 51.41(c)(1) (emphasis added).

23. B.S. is an individual with a mental illness. She does not have a guardian, conservator or other legal representative. She has authorized DRNC to access her treatment records. Therefore, DRNC is entitled to access B.S.'s records pursuant to her authorization and the authority granted by the PAIMI Act.

24. Vidant is a healthcare system that operates Vidant Medical Center, a facility rendering care or treatment to B.S. In the course of rendering such care or treatment to B.S., facility staff obtained information and created records, including video footage of patient common areas, and reports generated by facility security or police officers. Therefore, any reports or documents, including those in written or video format,

generated by facility staff or obtained during the course of providing care and treatment to B.S., are individual records to which DRNC is entitled access.

25. By refusing DRNC's written request for access to video footage and hospital security or police records, Vidant has violated DRNC's statutory rights under the PAIMI Act, 42 U.S.C. § 10801 *et seq.* and the regulations promulgated pursuant to it, 42 C.F.R. § 51.1 *et seq.*

26. Vidant's violation of the PAIMI Act irreparably harms DRNC by preventing it from carrying out its responsibilities under the Act.

27. Unless Vidant is enjoined to provide DRNC the access required by the PAIMI Act, DRNC will continue to be irreparably harmed and will be unable to protect and advocate for persons with disabilities.

## INJUNCTIVE RELIEF

28. Plaintiff adopts and restates the allegations set forth in paragraphs 1-27 of this complaint.

29. As a proximate result of Vidant's violation of the PAIMI Act, DRNC has suffered, and will continue to suffer, irreparable harm for which there is no remedy at law.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court grant the following relief:

1. Enter a declaratory judgment that Defendant's refusal to provide the requested records violates the PAIMI Act;

2. Enter permanent injunctive relief requiring the Defendant to provide Disability Rights NC with access to the requested video footage and police or security records;

3. Retain jurisdiction over this action to ensure Defendant's compliance with the mandates of the PAIMI Act; and

4. Such other, further or different relief as the Court deems equitable and just.

Dated: June 13, 2014

Respectfully submitted,

/s/ Kristine L. Sullivan
Kristine L. Sullivan
kristine.sullivan@disabilityrightsnc.org
N.C. Bar No. 35595

/s/ John R. Rittelmeyer
John R. Rittelmeyer
john.rittelmeyer@disabilityrightsnc.org
N.C. Bar No. 17204

*Attorneys for Plaintiff*
DISABILITY RIGHTS NC
3724 National Drive, Suite 100
Raleigh, NC 27612
Telephone: (919) 856-2195
Fax: (919) 856-2244